JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
P.M. BEVERLY

### DEFENDANTS
WALGREENS, INC.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Lake County, IL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Woodrow Epperson, Woodrow Epperson, 10565 Katy Fwy., Suite 250, Houston, TX 77024; (713) 973-6303

Attorneys *(If Known)*
FordHarrison LLP, Fred Gaona III
1601 Elm Street, Suite 4450, Dallas, TX 75201; (214) 256-4700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding
☒ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 2000(e) and 42 U.S.C. Section 1981

Brief description of cause:
Title VII violation, race discrimination and retaliatory discharge

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE   10/17/2013

SIGNATURE OF ATTORNEY OF RECORD   *Fred Gaona III*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **P.M. BEVERLY,** | § | |
| | § | |
| **Plaintiff** | § | |
| **vs.** | § | **Civil Action No. 4:13-cv-3063** |
| | § | |
| **WALGREENS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT WALGREENS, INC.'S
<u>NOTICE OF REMOVAL TO U.S. DISTRICT COURT</u>**

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF TEXAS, HOUSTON DIVISION

Chris Daniel, Harris County District Clerk
Civil Courthouse
201 Caroline
Houston, Texas 77002

Woodrow Epperson
Law Office of Woodrow Epperson
10565 Katy Freeway, Suite 250
Houston, Texas 77024
ATTORNEYS FOR PLAINTIFF

PLEASE TAKE NOTICE that Walgreen Co. (incorrectly named herein as Walgreens, Inc.) ("Walgreens" or "Defendant"), defendant in the above styled and numbered cause, has removed this civil action entitled "*P.M. Beverly v. Walgreens, Inc.*" (bearing Cause No. 2013-5152 on the docket of the District Court of Harris County, Texas, 133rd Judicial District), from the District Court of Harris County, Texas, 133rd Judicial District, to the United States District Court for the Southern District of Texas, Houston Division, by filing this Notice of Removal.

Pursuant to said removal, the 133rd Judicial District Court of Harris County, Texas should proceed no further with this matter pursuant to Section 1441 *et seq*., Title 28, United States Code, as amended.

Walgreens, Inc., appearing specially and for the sole and only purpose of effecting removal to this Court, state the following as grounds for removal:

1.      This "Notice of Removal" has been filed within the time period prescribed in 28 U.S.C. § 1446(b).  Venue is proper in the Houston Division pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

2.      Walgreens is the defendant in the previously identified civil action now pending in the 133rd Judicial District Court of Harris County, Texas.  Said suit is an action by the plaintiff to recover certain sums of money from Defendant.  Plaintiff alleges discrimination in violation of Title VII of the CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000(e) *et seq.*, as amended, and retaliatory discharge pursuant to 42 U.S.C. § 1981, all as set forth in the Plaintiff's Original Petition (the "Petition").

3.      Said suit was instituted on September 3, 2013, which was the date on which the Petition was filed.  Counsel for Walgreens accepted service of the Petition on its behalf on October 14, 2013. Defendant files and presents this Notice of Removal within thirty (30) days after receipt by it, through service or otherwise, of a copy of the Petition, setting forth the claim for relief upon which such action or proceeding is based, as required by Title 28, U.S.C. § 1446, as amended.

4.      Copies of all process, pleadings and orders served upon Walgreens in this action are attached hereto as <u>Exhibit A</u>.

**Federal Question Jurisdiction**

5.      As grounds for removal, Defendant states that this Court has original jurisdiction over this matter insofar as it arises under the laws of the United States, in particular, Title VII of the CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000(e) *et seq.*, as amended, and 42 U.S.C. § 1981 *et seq.*  Accordingly, Plaintiff's Petition is properly removed to this Court.  28 U.S.C. § 1441(b).

This action, therefore, could have been filed originally in this Court pursuant to 28 U.S.C. § 1331, as this Court has federal question jurisdiction.  It does not appear that there are any other claims stated; however, if Walgreens is mistaken, this Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

**Diversity Jurisdiction**

6.     As additional and alternative grounds for removal, Defendant states that the plaintiff represents in the Petition that he is a citizen of the State of Texas.

7.     Walgreen Co. is an Illinois corporation with its principal place of business located in Deerfield, Illinois.

9.     Although the Complaint does not specify a dollar figure for the claimed damages, in light of the Plaintiff's claim for "damages, including front pay, back pay, and compensatory damages," "exemplary damages," and his claim for attorneys' fees, it is unreasonable to contend that the amount in controversy in this action does not exceed $75,000, exclusive of interest and costs.  On information and belief, the matter in controversy between the plaintiff and the defendant exceeds the sum or value of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

10.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the defendant's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the putative claims; (8) failure to join an indispensable party(ies); or (9) any other pertinent defense available under FED. R. CIV. P. 12, any state or federal statute or otherwise.  Defendant specifically files this notice subject to its answers and defenses to the Petition.

11.    For the foregoing reasons, this court has jurisdiction of the subject matter pursuant to Title 28, U.S.C. §§ 1331 and 1332, as amended, and Title 28, U.S.C. § 1367.

12.    Simultaneously with the filing of this Notice of Removal, Defendant has given the plaintiff, P.M. Beverly, written notice of the removal of this action and is filing a copy of this Notice of Removal with the District Court of Harris County, Texas, 133rd Judicial District.

WHEREFORE, Defendant Walgreens, Inc., hereby removes this action from the District Court of Harris County, Texas, 133rd Judicial District, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted, this the 17th day of October, 2013.

Respectfully submitted,

By:    */s/ Fred Gaona III*
   Fred Gaona III
   Attorney-in-Charge
   Texas Bar No. 24029562
   S.D. ID No. 584837
   Allyn Jaqua Lowell
   Texas Bar No. 24064143
   S.D. ID No. 989720

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone:  (214) 256-4700
Facsimile (214) 256-4701

**COUNSEL FOR DEFENDANT WALGREENS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2013, I served ***Defendant Walgreens, Inc.'s Notice of Removal to U.S. District Court*** with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

Woodrow Epperson
Law Office of Woodrow Epperson
10565 Katy Freeway, Suite 250
Houston, Texas 77024


*/s/ Fred Gaona III*
Fred Gaona III

CONFIRMED FILE DATE: 9/3/2013

LAW OFFICE OF
**WOODROW EPPERSON**
10565 KATY FREEWAY, SUITE 250
HOUSTON, TEXAS 77024
713 973-6303
Fax 713 973-1882
jepper1068@aol.com

**FILED**
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2013 SEP -3 AM 11: 44

MAIL PROCESSING DEPUTY C

WOODROW EPPERSON

Licensed in Texas
Florida and Pennsylvania

August 26, 2013

Chris Daniel
District Clerk          **2013 - 51532**
P. O. Box 4651
Houston, Texas 77210-4651

RE: Case no. _____, Beverly v. Walgreens, Inc., in the **133**
Judicial District Court, Harris County, Texas

Dear Mr. Daniel:

    Enclosed for filing is plaintiff's original petition.  Please
return a file stamped copy.  Also enclosed is the civil cover sheet
and my firm check for the filing fee.

    Thank you for your attention to this matter.

                        Very truly yours,

                        Woodrow Epperson

Enclosures
cc: Client



EXHIBIT
A

CONFIRMED FILE DATE: 9/3/2013



F I L E D
Chris Daniel
District Clerk

SEP 08 2013

Harris County, Texas

Deputy

e ISD

Po Box 46 51
Houston, TV 7210-

Po Box 4651
Houston TV 77210-
Houston V 4651

Law Office of
WOODROW EPPERSON
10565 Katy Freeway, Suite 250
Houston, Texas 77024-4911

2013-51532

133rd

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2 0 1 3 - 5 1 5 3 2**   COURT *(FOR CLERK USE ONLY):* 155

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

## 1. Contact information for person completing case information sheet:

| Name: Woodrow Epperson | Email: Jepper1088@aol.com | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| | | Plaintiff(s)/Petitioner(s): | ☐ Attorney for Plaintiff/Petitioner |
| | | P. M. Beverly | ☒ Pro Se Plaintiff/Petitioner |
| Address: 10565 Keb Fry Rd, 280 | Telephone: 713 973-6303 | | ☐ Title IV-D Agency |
| | | | ☐ Other: ___ |
| City/State/Zip: Houston, Tx 77024 | Fax: 713-973-1882 | Defendant(s)/Respondent(s): | Additional Parties in Child Support Case: |
| | | Walgreens, Inc | Custodial Parent: |
| Signature: Woodrow Epperson | State Bar No: 06637000 | | Non-Custodial Parent: |
| | | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☒ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☒ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

**Employment**
- ☑ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☒ Perpetuate Testimony
- ☐ Securities/Stock
- ☒ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☒ Reciprocals (UIFSA)
- ☒ Support Order

**Parent-Child Relationship**
- ☒ Adoption/Adoption with Termination
- ☒ Child Protection
- ☒ Child Support
- ☒ Custody or Visitation
- ☐ Gestational Parenting
- ☒ Grandparent Access
- ☒ Paternity/Parentage
- ☒ Termination of Parental Rights
- ☒ Other Parent-Child:

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax:

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☒ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☒ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☒ Protective Order
- ☒ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☒ Turnover

CONFIRMED FILE DATE: 9/3/2013

FILED CHRIS DANIEL DISTRICT CLERK HARRIS COUNTY, TEXAS 2013 SEP 3 AM 11:

50

No. **2013- 51532**

CONFIRMED FILE DATE: 9/3/2013

P. M. BEVERLY                    IN THE DISTRICT COURT OF

v.                               HARRIS COUNTY, TEXAS

WALGREENS, INC.                  133 th JUDICIAL DISTRICT

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2013 SEP -3 AM 11:44
MAIL PROCESSING DEPT

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

P. M. Beverly, plaintiff, files this original petition against Walgreens, Inc. and shows the following:

1. Discovery is intended to be conducted under Level 2 of Rule 190.1, Texas Rules of Civil Procedure.

2. This court has jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended, ("Title VII") to correct and remedy defendant's unlawful employment practices on the basis of race discrimination, and to make whole and compensate plaintiff. Jurisdiction in this case is also based on violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981 et seq., as amended.

3. Venue is proper in Harris County, Texas because defendant does business in Harris County, Texas, and the events and/or omissions giving rise to the claims herein have occurred in Harris County, Texas.

4. Prior to filing this action, plaintiff filed a charge of discrimination and thereafter received a notice of right to sue. All administrative remedies have been exhausted, including the timely filing of charges of discrimination with the Texas Workforce Commission and the Equal Employment Opportunity Commission.



RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

5. Plaintiff is an African-American male, residing in Harris County, Texas.

6. Defendant is a corporation authorized to do business and doing business in Texas with an office in Houston, Texas.   At all times relevant hereto, defendant had in excess of five hundred employees and was plaintiff's employer.

7. On or about August, 2004, plaintiff was hired by defendant as its full time employee.   At all times during his employment, plaintiff was a good, competent, dependable and loyal employee. Nevertheless, he was subjected to adverse employment action on account of his race as described below. Plaintiff's race was a determining reason for the action of defendant in terminating plaintiff.

8. At or prior to the time his employer terminated him, plaintiff became aware of a company-wide practice of discriminating against African-American employees and favoring  employees outside his protected category with more desirable work assignments and working conditions.   Due to defendant's pattern, practice, and policy of  discrimination, plaintiff was subjected to unfair terms, conditions, and privileges of employment because of his race.

9. The unlawful employment practices engaged in by defendant and referred to above include, but are not limited to, the following:

      a.   Plaintiff  was excluded from job advancements, openings and promotions on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964.

      b.   Defendant  tolerated  an  intimidating,  hostile  and

offensive working environment that unreasonably interfered with plaintiff's work performance and negatively affected his employment opportunities, in violation of the antidiscrimination provisions of Title VII of the Civil Rights Act, particularly those provisions proscribing discrimination on account of plaintiff's race.

10. Defendant violated 42 U.S.C. Sec 1981, by failing and refusing to accord him the same right to make and enjoy contracts as is enjoyed by white citizens.

11. The discrimination and retaliation caused plaintiff extreme emotional distress. The above described treatment by defendant resulted in feelings of wounded pride, shame, despair and utter devastation, all of which produced severe mental anguish in him.

12. Defendant intentionally commenced and carried out a course of conduct which was intended to and which did operate to discriminate against plaintiff on account of his race. Plaintiff's claim for race discrimination is is based, without limitation, upon abusive and unconscionable working conditions by requiring plaintiff to perform his required work duties under a supervisor who practiced race discrimination against plaintiff and under the conditions described in this petition.

13. Defendant's termination of plaintiff was in violation of 42 U.S.C. Sec. 1981, and specifically that portion of the statute according him the same right in every State and Territory to make and enforce contracts, as is enjoyed by white citizens.

14. As a result of defendant's conduct, plaintiff has suffered damages, including mental anguish in the past, which is reasonably expected to extend into the future and damages for loss of earnings and earning capacity.

15. The wrong done by defendant was the kind typified by willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Defendant's conduct was intentional or with conscious indifference to the rights of plaintiff and without justification or excuse. Plaintiff, therefore, seeks exemplary damages.

16. Plaintiff has been required to retain counsel to prosecute his claims and he seeks his reasonable attorney's fees in this matter.

### PRAYER

Wherefore, plaintiff requests that defendant be summoned to appear and answer and that on final trial he have the following:

1. Judgment against defendant for damages, including front pay, back pay, and compensatory damages in an amount within the jurisdictional limits of the court.

2. An award of exemplary damages against defendant.

3. Attorney's fees in a reasonable amount, together with conditional awards in the event of appeal, together with costs of court.

4. Interest prior to judgment from date due to date of judgment at the maximum rate prescribed by law.

5.    His costs in the matter expended.

6.    Interest after judgment at the maximum lawful
      rate  on  all  the  above  sums  from  date  of
      judgment until paid.

7.    Such other and further relief to which he may
      be justly entitled.

Plaintiff demands a trial by jury.

Respectfully submitted,

Law Office of Woodrow
Epperson

Woodrow Epperson
10565 Katy Freeway
Suite 250
Houston, Texas 77024
(713) 973-6303
FAX (713) 973-1882
State Bar No. 06637000

Attorney  for
P. M. Beverly

**HCDistrictclerk.com**     BEVERLY, P M vs. WALGREENS INC           10/17/2013
                            Cause: 201351532     CDI: 7     Court: 133

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## SERVICE
No Service found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| **File Date** | 9/3/2013 |
| **Case (Cause) Location** | Civil Intake 1st Floor |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | DISCRIMINATION |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | N/A |

### COURT DETAILS

| | |
|---|---|
| **Court** | 133rd |
| **Address** | 201 CAROLINE (Floor: 11) HOUSTON, TX 77002 Phone:7133686200 |
| **JudgeName** | Jaclanel McFarland |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| BEVERLY, P M | PLAINTIFF - CIVIL | | EPPERSON, WOODROW JR. |
| WALGREENS INC | DEFENDANT - CIVIL | | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 9/3/2013 | ORIGINAL PETITION | | | 0 | | EPPERSON, WOODROW JR. | BEVERLY, P M |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 57149859 | Plaintiffs Original Petition | | 09/03/2013 | 5 |
| -> 57149861 | Civil/Family Case Information Sheet | | 09/03/2013 | 1 |
| -> 57149864 | Envelope | | 09/03/2013 | 1 |
| -> 57149862 | Filing letter | | 09/03/2013 | 1 |
| 57265862 | Plaintiffs Original Petition | | 09/03/2013 | 5 |